Chen v. Holder

BIA
A078 691 807

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of July, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

HONG CHEN,

> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

11-4010
NAC

_____

FOR PETITIONER:     Hong Chen, *pro se*.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; Greg D. Mack,
                    Senior Litigation Counsel; Colin J.
                    Tucker, Trial Attorney, Office of
                    Immigration Litigation, United
                    States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hong Chen, a native and citizen of the People's Republic of China, seeks review of a September 14, 2011, order of the BIA denying his motion to reopen. *Hong Chen*, No. A078 691 807 (B.I.A. Sept. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)(quotation marks omitted)). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) (per curiam) (looking to the date on which the IJ closed the

2

hearing as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In this case, the BIA did not abuse its discretion in denying Chen's motion to reopen. Although Chen attempted to rehabilitate the inconsistency in his prior testimony regarding his 2001 attempt to gain admission to the United States, he failed to demonstrate that his explanation was based on evidence that was both new and unavailable at the time of his November 2008 hearing. *See Norani*, 451 F.3d at 294 & n.3; 8 C.F.R. § 1003.2(c)(1).

Further, the agency reasonably determined that Chen failed to demonstrate that the evidence he submitted with his motion to reopen regarding his health condition would change the outcome of his proceedings. *See Matter of Coehlo*, 20 I. & N. Dec. 464, 473 (BIA 1992). The letter from Chen's physician in China was inconsistent with his testimony and the evidence he had previously submitted in

3

support of his application regarding the physician's diagnosis of his condition. Because the agency could reasonably rely on these inconsistencies to find that Chen was not credible, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam), the BIA did not abuse its discretion in concluding that Chen failed to demonstrate that the new evidence regarding his medical treatment in China would have changed the outcome in his case.

Further, the BIA did not abuse its discretion in concluding that Chen failed to demonstrate *prima facie* eligibility for asylum based on his fear of forcible sterilization in China. The BIA reasonably concluded that Chen's claim, based on his fiancée's pregnancy with their first child and their intent to have more children, absent further evidence, was too speculative to merit relief. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (noting that, absent "solid support" in the record that his fear is objectively reasonable, an alien's claim that he fears future persecution is "speculative at best").

Finally, to the extent that Chen's argues that the BIA erred in not specifically addressing his withholding of

4

removal and CAT relief on the basis of his fear of sterilization, we decline to remand. Given Chen's failure to satisfy the standard for asylum, and because his claims for withholding of removal and CAT relief were based on the same factual predicate as his asylum claim, it necessarily follows that he failed to satisfy the higher burden of proof for withholding of removal and CAT relief. *See* 8 C.F.R. § 1208.16(b); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, remand would be futile. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk